|  |  |
|---|---|
| RODNEY JEROME CONERLY, | No. C 10-2138 LHK (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. |  |
| CITY OF OAKLAND, et al., | (Docket Nos. 2, 4.) |
| Defendants. |  |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Plaintiff, a former state prisoner[1] proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages for an allegedly unlawful arrest, prosecution and conviction. Plaintiff's motions to proceed in forma pauperis are GRANTED.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

---

[1] According to the complaint, Plaintiff was paroled on January 6, 2010.

Order Dismissal
P:\PRO-SE\SJ.LHK\CR.10\Conerly138heck.wpd

§ 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Legal Claims

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  *Id.* at 487.

When a state prisoner seeks damages in a § 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *See id.*  A judgment in favor of Plaintiff here would imply the invalidity of his state conviction and sentence which have not already been invalidated.  *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* generally bars claims challenging validity of arrest, prosecution and/or conviction).  The instant allegations therefore fail to state a cognizable claim under § 1983 and must be DISMISSED without prejudice.  *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). [2]

---

[2]  To the extent Plaintiff seeks to challenge either the fact or duration of his confinement, his sole remedy is to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state judicial remedies.  *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998).  Any

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim under the authority of 28 U.S.C. § 1915A.  The dismissal is without prejudice to reasserting the claims in a new complaint if a cause of action later accrues.

The Clerk shall enter judgment in accordance with this order and close the file.

IT IS SO ORDERED.

DATED:   8/30/2010                                    _____
                                                                                LUCY H. KOH
                                                                                United States District Judge

---

such claim therefore is dismissed without prejudice.  *See Trimble*, 49 F.3d at 586.

Order Dismissal
P:\PRO-SE\SJ.LHK\CR.10\Conerly138heck.wpd            3